IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-CHRISTOPHE LIEBESKIND, et al., | No. C-07-3962 MMC |
|     Plaintiffs, | **ORDER DENYING STIPULATION TO TRANSFER FUNDS** |
|   v. | |
| ALLIANCE TITLE CO., | |
|     Defendant | |
| _____ | |
| ALLIANCE TITLE CO., | |
|     Cross-complainant, | |
|   v. | |
| JEAN-CHRISTOPHE LIEBESKIND, et al., | |
|     Cross-defendants | |
| _____/ | |

    The Court is in receipt of the parties' "Stipulation to Transfer Funds to United States District Court," filed November 16, 2007.

    In their stipulation, the parties to the above-titled interpleader action request that the Court order the Clerk of the Superior Court of California, in and for the County of San Francisco, to transfer to the Clerk of the District Court certain funds currently on deposit with the Clerk of the Superior Court, specifically, $285,048.05 deposited therewith by

Alliance Title Co. ("ATC"), as well as any interest that has accumulated on said sum.

The parties cite no authority providing that a district court has the power to order a state court to transfer funds that were, at the time of the deposit, properly deposited therewith. Even assuming, <u>arguendo</u>, the Court has such power, the parties fail to indicate why it is necessary for the Court to issue such an order. "[D]eposit of the disputed funds in the [federal district] court's registry . . . is not a jurisdictional requirement to [R]ule 22(1) interpleader." <u>Gelfgren v. Republic Nat'l Life Ins. Co.</u>, 680 F. 2d 79, 81-82 (9th Cir. 1982).[1] Moreover, the Court could, upon determination of the ownership of the disputed funds, direct ATC to retrieve the funds from the Clerk of the Superior Court and disburse the funds to the proper owner(s), or make such other order as it deems necessary to effectuate proper distribution. Further, to the extent the parties may wish, for convenience or other reasons, to have the funds on deposit with the Clerk of the District Court, there is no showing they have sought to withdraw the funds and that the Clerk of the Superior Court has refused to allow such withdrawal.

Accordingly, the stipulation is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 19, 2007

MAXINE M. CHESNEY
United States District Judge

---

[1] The instant action, upon removal, proceeds under Rule 22, and the Court has jurisdiction over the action in light of ATC's allegation that the Internal Revenue Service has a claim to the funds, or some portion thereof. <u>See Morongo Band of Mission Indians v. California State Board of Equalization</u>, 858 F. 2d 1376, 1384 (9th Cir. 1988) (holding district court has jurisdiction over interpleader action under Rule 22 "if the cause(s) of action anticipated by the plaintiff's suit would arise under federal law").

2