IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-CHRISTOPHE LIEBESKIND, et al., | No. C-07-3962 MMC |
| Plaintiffs, | **ORDER DENYING EX PARTE APPLICATION TO MAINTAIN HEARING ON MOTION TO DISMISS** |
| v. | |
| ALLIANCE TITLE CO., | |
| Defendant | |
| ALLIANCE TITLE CO., | |
| Cross-complainant, | |
| v. | |
| JEAN-CHRISTOPHE LIEBESKIND, et al., | |
| Cross-defendants | |

The Court is in receipt of plaintiffs' "Ex Parte Application to Maintain Hearing on Motion to Dismiss Set for November 30, 2007," filed November 29, 2007.

To the extent plaintiffs assert a hearing is necessary to address new legal issues, plaintiffs' motion is, in essence, a motion for reconsideration. So construed, the motion is denied, because plaintiffs fail to identify any cognizable ground for reconsideration. Contrary to plaintiffs' argument, the Court has previously addressed the alleged "defect of

failure to deposit the funds with the court," specifically, by finding such deposit is not a jurisdictional requirement. (See Order Denying Stipulation to Transfer Funds, filed November 19, 2007, at 2:5-7.) Further, contrary to plaintiffs' argument, a district court has discretion to award attorney's fees to a stakeholder in an action proceeding under Rule 22 of the Federal Rules of Civil Procedure. See Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp., 306 F. 2d 188, 194-95 (1962) (holding district court has discretion to award plaintiff in interpleader action fees and costs from interpleaded funds).

To the extent plaintiffs alternatively assert that a hearing should be held because, in plaintiffs' view, the parties have "reached an agreement even with respect to ATC's fee claim," (see Pl.'s Appl. at 2:18), the Court finds a hearing is unnecessary. If an agreement has been reached, the parties can present it to the Court by filing a stipulated agreement resolving all of the claims, or any of them, made herein.

Finally, given that a stipulated agreement has not been filed, if any party is of the view that a referral to alternative dispute resolution, in advance of the January 25, 2008 Case Management Conference, would be of assistance, such party or parties may file a request for a referral.

Accordingly, plaintiffs' application is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 30, 2007

MAXINE M. CHESNEY
United States District Judge