IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEAN-CHRISTOPHE LIEBESKIND, et al.,

    Plaintiffs,

  v.

ALLIANCE TITLE CO.,

    Defendant
_____

ALLIANCE TITLE CO.,

    Cross-complainant,

  v.

JEAN-CHRISTOPHE LIEBESKIND, et al.,

    Cross-defendants
_____/

No. C-07-3962 MMC

**ORDER DENYING EX PARTE APPLICATION REQUESTING ISSUANCE OF ORDER TO SHOW CAUSE**

    Before the Court is plaintiffs' "Ex Parte Application Requesting OSC Re Alliance Title Company's Cessation as Existence," filed January 7, 2008. Cross-complainant Alliance Title Company ("Alliance") has filed opposition, to which plaintiffs have replied.

//

//

//

Having read and considered the papers submitted in support of and in opposition to the application,[1] the Court rules as follows.

Plaintiffs, relying on the declaration of their counsel, assert they have learned that Alliance has "closed all doors to its estimated 200 offices, did not close out all pending escrows, and allegedly did not even pay its employees." (See Pl's Appl. at 2:12-14.) Plaintiffs request that the Court issue an order directing Alliance to show that it "still exists." (See id. at 2:2.)

"The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Fed. R. Civ. P. 17(b). Under California law, a corporation may sue or be sued. See American Alternative Energy Partners II v. Windridge, Inc., 42 Cal. App. 4th 551, 559 (1996). Although a corporation loses such capacity when it "dissolve[s]," see Telink, Inc. v. United States, 24 F. 3d 42, 44-45 (9th Cir. 1994), or has been suspended by the State for non-payment of taxes, see Cal. Rev. & Tax. Code § 23301, here, plaintiffs make no showing suggesting that Alliance has dissolved,[2] has been suspended, or has otherwise lost its capacity to sue or be sued. Moreover, Alliance has offered, with its opposition to the instant application, evidence that its corporate status remains that of an "active" corporation. (See Alvarez Decl. ¶ 2, Ex. 1.) Further, even if Alliance is not currently conducting any business, Alliance would not, by reason of such fact alone, have lost the capacity to sue or be sued. See Telink, 24 F. 3d at 44-45

---

[1] The Court did not rule on the instant application upon its filing, as had been requested by plaintiffs, because no "statute, Federal Rule, local rule, or Standing Order authorizes the filing of an ex parte motion" with respect to the matter presented by the instant application. See Civil L.R. 7-10 (setting forth limited circumstances in which matter may be heard on "ex parte" basis). Further, although plaintiffs assert the matter is properly considered on shortened time pursuant to Civil Local Rule 7-11, said Rule pertains only to "miscellaneous administrative matters." The instant application, which addresses a potentially dispositive issue, is not a "miscellaneous administrative matter." Accordingly, Alliance's procedural objections to consideration of the application are well-taken. Nevertheless, because Alliance has filed a substantive response to the application, the Court will consider the merits of the application at this time.

[2] "Under California law, a corporation may be dissolved in only two ways: through a court order for an involuntary dissolution proceeding, or through the filing of a certificate of dissolution with the Secretary of State in a voluntary proceeding." Telink, 24 F. 3d at 45. (internal citations omitted).

(holding, in applying California law, "defunct" corporation "not currently operating" remains "corporate entity" with capacity to sue). Under the circumstances, plaintiffs have failed to show sufficient cause exists to warrant issuance of an order to show cause.

Accordingly, plaintiffs' application is hereby DENIED.[3]

**IT IS SO ORDERED.**

Dated: January 11, 2008

MAXINE M. CHESNEY
United States District Judge

---

[3] In the event any party believes the circumstances concerning Alliance's status have changed, such party may seek appropriate relief at that time.

3