IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-CHRISTOPHE LIEBESKIND, et al., <br><br>　　　Plaintiffs, <br>　v. <br>ALLIANCE TITLE CO., <br><br>　　　Defendant <br>_____ <br>ALLIANCE TITLE CO., <br><br>　　　Cross-complainant, <br>　v. <br>JEAN-CHRISTOPHE LIEBESKIND, et al., <br><br>　　　Cross-defendants <br>_____/ | No. C-07-3962 MMC <br><br>**ORDER DENYING PLAINTIFFS' APPLICATION FOR MODIFICATION OF BRIEFING SCHEDULE; CONTINUING HEARING ON PLAINTIFFS' MOTION TO AMEND** |

Before the Court is plaintiffs' "Ex Parte Application for Modification of Briefing Schedule Re Release/Transfer of Funds," filed January 25, 2008. Cross-complainant Alliance Title Company ("ATC") has filed opposition, to which plaintiffs have replied.[1]

---

[1] Plaintiffs failed to provide a chambers copy of either their application or their reply to ATC's opposition. Nonetheless, the Court has considered such filings. For future reference, plaintiffs are reminded of the following provision in the Court's Standing Orders: "In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked 'Chambers Copy' and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and 'E-Filing Chambers Copy.'"

By the instant application, plaintiffs, observing the Court may shortly resolve the federal claim pending herein and thereafter remand to state court the remaining state law claims, seek an order allowing plaintiffs to file, and have heard on shortened time, a motion for summary judgment as to ATC's state law claims. Recognizing the pleadings as to ATC's state law claims are not settled in light of plaintiffs' pending motion to amend their answer thereto,[2] plaintiffs also request that the Court rule on plaintiffs' motion to amend "as soon as possible."

The Court finds plaintiffs have not shown good cause for the relief sought. Although plaintiffs represent that the summary judgment motion they wish to file will be "relatively straight-forward," plaintiffs, as ATC points out, fail to set forth the basis for the proposed motion, rendering consideration of plaintiffs' argument impracticable, if not impossible.[3] Plaintiffs also fail to explain how the new defenses they seek to allege in their proposed amended answer, were the Court to grant plaintiffs leave to so amend, can be summarily resolved without the parties' having time to conduct discovery thereon. See Fed. R. Civ. P. 56(f). Finally, as the Court has previously observed, the state law claims alleged herein plainly predominate over the sole federal claim, (see Order, filed January 24, 2008, at 2:1-2), calling into question the propriety of the Court's continued exercise of supplemental jurisdiction over the state law claims, once the federal claim alleged herein is resolved.[4] See 28 U.S.C. §§ 1367(c)(2), 1367(c)(3).

Accordingly, the application is hereby DENIED.

//

---

[2] On December 30, 2007, plaintiffs filed their motion to amend, noticing a February 8, 2008 hearing. By such motion, plaintiffs seek leave to amend both their answer to ATC's claims and their complaint alleging claims against ATC.

[3] Given the large number of factual and legal disputes between plaintiffs and ATC, as set forth in a number of prior filings, the likelihood of a "straight-forward" motion for summary judgment is not self-evident.

[4] On January 29, 2008, the Internal Revenue Service ("IRS") filed a declaration setting forth the calculation of its claim, and, that same date, plaintiffs filed a statement of non-opposition to the amount sought by the IRS. The deadline for ATC or the Franchise Tax Board to file any objection to the IRS's calculation is February 22, 2008.

Further, the hearing on plaintiffs' motion to amend is hereby CONTINUED from February 8, 2008 to February 29, 2008.

**IT IS SO ORDERED.**

Dated: February 1, 2008

_____
MAXINE M. CHESNEY
United States District Judge