IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-CHRISTOPHE LIEBESKIND, et al., | No. C-07-3962 MMC |
| Plaintiffs, | **ORDER OF REMAND; DIRECTIONS TO CLERK** |
| v. | |
| ALLIANCE TITLE CO., | |
| Defendant | |
| ALLIANCE TITLE CO., | |
| Cross-complainant, | |
| v. | |
| JEAN-CHRISTOPHE LIEBESKIND, et al., | |
| Cross-defendants | |

By separate order filed concurrently herewith, the Court has resolved the sole claim over which it has original jurisdiction, by finding cross-defendant Internal Revenue Service ("IRS") is entitled to judgment in its favor on its claim for $31,750 of the interpleaded funds.

The remaining claims arise under state law. Specifically, plaintiffs' complaint against defendant Alliance Title Company ("Alliance") alleges claims for breach of contract and for violation of the California Business & Professions Code; the remaining claim in Alliance's First Amended Cross-Complaint, in particular, a claim for declaratory relief and interpleader

based on an alleged dispute between plaintiffs and the California Franchise Tax Board ("FTB") over the withholding of state tax, likewise arises under state law.[1]

A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." See 28 U.S.C. § 1367(c)(3); see also Bryant v. Adventist Health System/West, 289 F. 3d 1162, 1169 (9th Cir. 2002) (holding where district court grants judgment on federal claims, district court, pursuant to § 1367(c)(3), may properly decline to exercise supplemental jurisdiction over remaining state law claims). Further, a district court may decline to exercise supplemental jurisdiction over claims that "substantially predominate[ ] over the claim or claims over which the district court has original jurisdiction." See 28 U.S.C. § 1367(c)(2).

Here, in light of the Court's having entered judgment in favor of the IRS on the sole federal claim, and the Court's having previously found the state law claims to substantially predominate over the federal claim, (see Order, filed January 24, 2008, at 2:1-2, 26-27), the Court hereby DECLINES to exercise supplemental jurisdiction over the remaining state law claims.

Accordingly, the above-titled action is hereby REMANDED to the Superior Court of California, in and for the County of San Francisco.

//
//
//
//
//

---

[1] The Court finds unpersuasive plaintiffs' argument, first made in an application filed February 8, 2008 and repeated in a reply filed February 12, 2008, that the matter should not be remanded due to the presence of a federal question. First, even assuming plaintiffs raise a federal question in defending against Alliance's interpleader, such defense does not support federal question jurisdiction. See Caterpillar Inc. v. Williams, 482 U.S. 386, 398-99 (1987) (holding presence of "federal question . . . in a defensive argument" insufficient to support removal of state law claim for breach of contract). Further, the possibility that plaintiffs may file a claim for contribution against the IRS, in the event plaintiffs are later held liable for Alliance's fees and costs, does not provide a basis for jurisdiction over the existing state law claims.

After the Clerk has paid the sum of $31,750 to the IRS as set forth in the Court's order filed concurrently herewith, the Clerk is DIRECTED to transfer forthwith the remaining interpleaded funds to the Superior Court of California, along with a copy of the instant order, at the following address:

>   Clerk of the Superior Court of the State of California
>   400 McAllister Street
>   San Francisco CA  94102

**IT IS SO ORDERED.**

Dated:  February 27, 2008

MAXINE M. CHESNEY
United States District Judge